IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| THE GILLETTE COMPANY,<br>One Gillette Park, Boston, MA 02127 | ) | |
| | ) | Civil Action No.: 1:14-cv-153 |
| Plaintiff, | ) | |
| | ) | Unassigned |
| vs. | ) | |
| | ) | DEMAND FOR JURY TRIAL |
| SD BLADES<br>2595 Harman Park Ct.<br>Duluth, GA 30097-4957 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ERIC YOUNG KIM<br>2595 Harman Park Ct.<br>Duluth, GA 30097-4957 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| BRANDON SUHAN RIM<br>2595 Harman Park Ct.<br>Duluth, GA 30097-4957 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| KIM TAEHO<br>2595 Harman Park Ct.<br>Duluth, GA 30097-4957 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| YOUNG HA KANG<br>2595 Harman Park Ct.<br>Duluth, GA 30097-4957 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| Unknown John Doe(s)<br>Unknown Jane Doe(s). | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR DESIGN PATENT INFRINGEMENT

COMES NOW Plaintiff, The Gillette Company, (hereinafter "Gillette"), by and through its attorneys, and for its complaint against Defendants SD Blades, Eric Young Kim, Brandon Suhan Rim, Kim Taeho, and Young Ha Kang (hereinafter, collectively, "SD Blades Defendants"), and other unknown John Doe(s) and/or Jane Doe(s) defendants associated with SD Blades, alleges that:

## NATURE OF THE CASE

1. This action arises from the manufacture, distribution, sale, and/or offer for sale of razor blades, razor cartridges, shaving blade units, dispensers for razor cartridges, and razor containers by the SD Blades Defendants, that violate the patented design rights of Gillette.  The razor blade products at issue in this case intentionally imitate and directly copy the valuable, unique and distinctive ornamental distinctive and non-functional design of and containers for Gillette's ProGlide®, Mach®, Fusion®, and/or Venus® razor blade cartridges, shaving blade units, dispensers, and shaving blade containers products, thereby infringing Gillette's design patent rights in violation of the Patent Act, 35 U.S.C.§271 *et seq.*

## THE PARTIES

2. The Gillette Company is a corporation licensed in the state of Delaware, with its principal place of business at One Gillette Park, Boston, Massachusetts, 02127 and is a wholly-owned subsidiary of The Procter & Gamble Company (hereinafter P&G), a corporation licensed in the state of Ohio.  Gillette's Corporate Disclosure Statement is filed concurrently with this Complaint, as required by Rule 7.1 of the Federal Rules of Civil Procedure.

3. Upon information and belief, Defendants Eric Young Kim, Brandon Suhan Rim, Kim Taeho, and/or Young Ha Kang operate SD Blades as unincorporated entity, in conjunction with each other and/or in conjunction with other unknown Defendants John Doe(s) and/or Jane Doe(s), with its principal place of business located at 2595 Harman Park Ct., Duluth, GA 30097-4957.

4. Upon information and belief, Defendant Eric Young Kim is a resident of Georgia, with a last known address of 2595 Harman Park Ct., Duluth, GA 30097-4957.

5. Upon information and belief, Defendant Brandon Suhan Rim is a resident of Georgia, with a last known address of 2595 Harman Park Ct., Duluth, GA 30097-4957.

6. Upon information and belief, Defendant Kim Taeho is a resident of Georgia, with a last known address of 2595 Harman Park Ct., Duluth, GA 30097-4957.

7. Upon information and belief, Defendant Young Ha Kang is a resident of Georgia, with a last known address of 2595 Harman Park Ct., Duluth, GA 30097-4957.

8. Upon information and belief, one or more Defendants John Doe(s) and/or Jane Doe(s) (whose names and addresses are unknown) are individuals who at all times relevant hereto were owners, employees, agents, and/or representatives of SD Blades.

9. Upon information and belief, one or more Defendants John Doe(s) and/or Jane Doe(s) (whose names and addresses are unknown) are individuals or unincorporated entities who at all times relevant hereto were owners, employees, agents, and/or representatives of SD Blades.

10. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants sued herein as John Does and Jane Does are presently unknown to Gillette, who therefore sues said Defendants by such fictitious names. Gillette will seek leave to

3

amend this Complaint to allege the true names of such John Does and Jane Does when the same have been ascertained. Upon information and belief, Gillette alleges that each of the fictitiously named Defendants participated in some or all of the acts alleged in this Complaint.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over Gillette's claims because they arise under the patent laws of the United States, including, but not limited to, Patent Act 35 U.S.C. §271. Subject matter jurisdiction is conferred by 28 U.S.C. § 1331 and 28 U.S.C. §1338(a).

12. This Court has personal jurisdiction over Defendants SD Blades, Eric Young Kim, Brandon Suhan Rim, Kim Taeho, Young Ha Kang and the various Doe Defendants under Fed. R. Civ. Pro. 4 and under Ohio Rev. Code Ann. § 2307.382 because Defendants SD Blades, Eric Young Kim, Brandon Suhan Rim, Kim Taeho, Young Ha Kang and the various Doe Defendants, upon information and belief, have committed acts of infringement in Ohio and/or have regularly solicited business or derived substantial revenue from goods promoted, advertised, sold, used, and/or consumed in the state of Ohio, and specifically have sold shaving razor blade cartridges that infringe Gillette's intellectual property in the State of Ohio and have thus purposefully availed themselves of the privilege of doing business in the state of Ohio.

13. Venue is proper pursuant to 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

## OVERVIEW OF PLAINTIFF GILLETTE

14. Gillette is the owner, by virtue of assignment, of the entire right, title and interest in and to U.S. design patent D533,684 ("'684 Patent), issued on December 12, 2006, claiming "the ornamental design for a razor cartridge." A copy of the '684 Patent is attached hereto as Exhibit A.

15. Gillette is the owner, by virtue of assignment, of the entire right, title and interest in and to U.S. design patent D531,518 S ("'518 Patent), issued on November 7, 2006, claiming "the ornamental design for a dispenser for razor cartridges." A copy of the '518 Patent is attached hereto as Exhibit B.

16. Gillette is the owner, by virtue of assignment, of the entire right, title and interest in and to U.S. design patent D604,904 ("'904 Patent), issued on November 24, 2009 claiming "the ornamental design for a razor cartridge." A copy of the '904 Patent is attached hereto as Exhibit C.

17. Gillette is the owner, by virtue of assignment, of the entire right, title and interest in and to U.S. design patent Des. 422,751("'751 Patent"), issued on April 11, 2000, claiming "the ornamental design for a razor blade cartridge." A copy of the '751 Patent is attached hereto as Exhibit D.

18. Gillette is the owner, by virtue of assignment, of the entire right, title and interest in and to U.S. design patent Des. 430,023 ("'023 Patent"), issued on August 29, 2000, claiming "the ornamental design for a container." A copy of the '023 Patent is attached hereto as Exhibit E.

5

19. Gillette is the owner, by virtue of assignment, of the entire right, title and interest in and to U.S. design patent D440,874 S ("'874 Patent"), issued on April 24, 2001, claiming "the ornamental design for a container."  A copy of the '874 Patent is attached hereto as Exhibit F.

20. Gillette has expended a great deal of time and money seeking federal protection of its intellectual property including, but not limited to, its unique, nonfunctional and distinctive product designs.

21. Gillette is in the business of, among other things, developing, designing, advertising and marketing personal care/grooming products for both men and women.  These personal care/grooming products include a variety of shaving products for both men and women. Gillette, as part of the P&G family, is the global market leader in razors, shaving, and razor blade and shaving products.

22. For men, among other things, Gillette offers proprietary razor cartridges and dispensers for razor cartridges under the Fusion® brand (including Fusion® Manual, Fusion® Power and Fusion® ProGlide™ brands) and Mach3® brand (including the Mach3®, Mach3® Turbo and M3Power brands).

23. For women, among other things, Gillette offers proprietary razors, razor cartridges, razor blade containers, and refill razor blades under the Venus® brand.

24. The Fusion® line of razor cartridges feature a unique, distinctive, non-functional design that embodies the design of the '684 Patent.

25. The Fusion® line of dispensers for razor cartridges are sold housed in a dispenser that features a unique, distinctive, non-functional design that embodies the design of the '518 Patent.

6

26. Gillette has established tremendous goodwill and proprietary design rights in the design of the Fusion® line of razor cartridges and dispensers for razor cartridges.

27. The Fusion® ProGlide™ line of razor cartridges feature a unique, distinctive, non-functional design that embodies the design of the '904 Patent.

28. Gillette has established tremendous goodwill and proprietary design rights in the design of the Fusion® ProGlide™ line of razor cartridges.

29. The Mach® line of razor blade cartridges feature a unique, distinctive, non-functional design that embodies the design of the '751 Patent.

30. Gillette has established tremendous goodwill and proprietary design rights in the design of the Mach® line of razor blade cartridges.

31. Certain of the Venus® line of shaving blade containers are sold housed in a container that features a unique, distinctive, non-functional design that embodies the design of the '023 Patent.

32. Certain of the Venus® line of razor cartridges are sold housed in a container that features a unique, distinctive, non-functional design that embodies the design of the '874 Patent.

33. Gillette has established tremendous goodwill and proprietary design rights in the design of the Venus® line of razor cartridges and razor blade containers.

## OVERVIEW OF THE DEFENDANTS

34. Upon information and belief, Defendant SD Blades is an unincorporated entity, operated by Eric Young Kim, Brandon Suhan Rim, Kim Taeho, and/or Young Ha Kang, in conjunction with various unknown John Doe(s) and Jane Doe(s) Defendants.

35. Upon information and belief, the SD Blades "Storefront" on Amazon.com is part of an offering that allows third-party sellers to use Amazon.com's website infrastructure to offer products for sale over the Internet.

36. Upon information and belief, the individual SD Blades Defendants, individually and/or in conjunction with each other and/or various unknown John Doe(s) and Jane Doe(s) Defendants, manage, operate and control the SD Blades "Storefront" on Amazon.com, available at www.amazon.com/shops/A17VF4U6GAVE04, through which consumers purchase razor cartridges, dispensers for razor cartridges, and containers that infringe upon Gillette's intellectual property and design patent rights.

37. Upon information and belief, the SD Blades Defendants offer for sale or have offered for sale, via the SD Blades "Storefront" on Amazon.com, a variety of products, including razor cartridges that it claims are "replacements" for Gillette Fusion® razors, Fusion® ProGlide™ razors, Mach3® razors, and Venus® razors. Upon information and belief, these products are shipped via U.S. Mail to various states in the United States, including, but not limited to, Ohio.

38. Upon information and belief, SD Blades Defendants' customers for their infringing products include consumers/end users and other retailers and wholesalers, including, but not limited to, other entities selling infringing products "by SD Blades" on Amazon.com. *See* http://www.amazon.com/gp/offer-

8

listing/B00EHMUMX2/ref=dp_olp_new?ie=UTF8&condition=new,

http://www.amazon.com/gp/offer-

listing/B00H2L4KNI/ref=dp_olp_new?ie=UTF8&condition=new,

http://www.amazon.com/gp/offer-

listing/B00ELP61IA/ref=dp_olp_new?ie=UTF8&condition=new,                    and

http://www.amazon.com/Generic-Replacement-Blades-Gillette-

Venus/dp/B00HQNEB36/ref=sr_1_1?s=hpc&ie=UTF8&qid=1392410642&sr=1-

1&keywords=venus+sd+blades.   Upon information and belief, these other entities are

identifiable only by screen names on Amazon.com and are thus not currently named as

defendants in this action.  Should Gillette learn of the identities of these entities, Gillette

may seek to amend this Complaint to add these entities as additional defendants.

39. Upon information and belief, the SD Blades Defendants base a substantial component of their business on direct copies and near exact imitations of Gillette's products that embody the design of the '684 Patent, '518 Patent, '904 Patent, '751 Patent, '023 Patent and/or '874 Patent.

40. Gillette therefore files this Complaint seeking injunctive relief and damages from the SD Blades Defendants, individually and collectively for joint and several liability, for their willful infringement of Gillette's intellectual property and design patent rights.

**COUNT ONE – DIRECT INFRINGEMENT OF THE '684 PATENT**

41. Gillette restates and realleges paragraphs 1-40.

42. Gillette is the owner of the '684 Patent, which is valid and enforceable.

43. Upon information and belief, the SD Blades Defendants have infringed, and continue to infringe, the '684 Patent by making, designing, selling, and/or offering for sale razor

cartridges that apply the design of the '684 Patent or colorable imitation thereof, in violation of 35 U.S.C. §271(a).

44. An ordinary observer, given such attention as a purchaser usually gives, would be so deceived by the substantial similarity between the design of the razor cartridges made, designed, sold, and/or offered for sale by the SD Blades Defendants and the patented design in the '684 Patent so as to be induced to purchase the razor blade cartridges from the SD Blades Defendants, believing the razor blade cartridges sold by the SD Blades Defendants to be substantially the same as the designs embodied by and protected under the '684 Patent.

45. The SD Blades Defendants' deliberate and willful actions in infringing the design of Gillette's '684 Patent, have caused and will continue to cause irreparable harm to Gillette unless preliminarily and permanently enjoined pursuant to 35 U.S.C. §283.

46. The SD Blades Defendants have also profited from and Gillette has suffered pecuniary damage in amounts to be determined at trial as a result of the SD Blades Defendants' willful infringement of Gillette's '684 Patent, pursuant to 35 U.S.C. §§284 and 289.

## COUNT TWO – DIRECT INFRINGEMENT OF THE '518 PATENT

47. Gillette restates and realleges paragraphs 1-46.

48. Gillette is the owner of the '518 Patent, which is valid and enforceable.

49. Upon information and belief, the SD Blades Defendants have infringed, and continue to infringe, the '518 Patent by making, designing, selling, and/or offering for sale dispensers for razor cartridges that apply the design of the '518 Patent or colorable imitation thereof, in violation of 35 U.S.C. §271(a).

50. An ordinary observer, given such attention as a purchaser usually gives, would be so deceived by the substantial similarity between the design of the dispensers for razor cartridges made, designed, sold, and/or offered for sale by the SD Blades Defendants and the patented design in the '518 Patent so as to be induced to purchase the dispensers for razor cartridges from the SD Blades Defendants, believing the dispensers sold by the SD Blades Defendants to be substantially the same as the designs embodied by and protected under the '518 Patent.

51. The SD Blades Defendants' deliberate and willful actions in infringing the design of Gillette's '518 Patent, have caused and will continue to cause irreparable harm to Gillette unless preliminarily and permanently enjoined pursuant to 35 U.S.C. §283.

52. The SD Blades Defendants have also profited from and Gillette has suffered pecuniary damage in amounts to be determined at trial as a result of the SD Blades Defendants' willful infringement of Gillette's '518 Patent, pursuant to 35 U.S.C. §§284 and 289.

## COUNT THREE – DIRECT INFRINGEMENT OF THE '684 PATENT

53. Gillette restates and realleges paragraphs 1-52.

54. Gillette is the owner of the '904 Patent, which is valid and enforceable.

55. Upon information and belief, the SD Blades Defendants have infringed, and continue to infringe, the '904 Patent by making, designing, selling, and/or offering for sale razor cartridges that apply the design of the '904 Patent or colorable imitation thereof, in violation of 35 U.S.C. §271(a).

56. An ordinary observer, given such attention as a purchaser usually gives, would be so deceived by the substantial similarity between the design of the razor cartridges made, designed, sold, and/or offered for sale by the SD Blades Defendants and the patented

design in the '904 Patent so as to be induced to purchase the razor blade cartridges from the SD Blades Defendants, believing the razor blade cartridges sold by the SD Blades Defendants to be substantially the same as the designs embodied by and protected under the '904 Patent.

57. The SD Blades Defendants' deliberate and willful actions in infringing the design of Gillette's '904 Patent, have caused and will continue to cause irreparable harm to Gillette unless preliminarily and permanently enjoined pursuant to 35 U.S.C. §283.

58. The SD Blades Defendants have also profited from and Gillette has suffered pecuniary damage in amounts to be determined at trial as a result of the SD Blades Defendants' willful infringement of Gillette's '904 Patent, pursuant to 35 U.S.C. §§284 and 289.

## COUNT FOUR – DIRECT INFRINGEMENT OF THE '751 PATENT

59. Gillette restates and realleges paragraphs 1-58.

60. Gillette is the owner of the '751 Patent, which is valid and enforceable.

61. Upon information and belief, the SD Blades Defendants have infringed, and continue to infringe, the '751 Patent by making, designing, selling, and/or offering for sale razor blade cartridges that apply the design of the '751 Patent or colorable imitation thereof, in violation of 35 U.S.C. §271(a).

62. An ordinary observer, given such attention as a purchaser usually gives, would be so deceived by the substantial similarity between the design of the razor blade cartridges made, designed, sold, and/or offered for sale by the SD Blades Defendants and the patented design in the '751 Patent so as to be induced to purchase the razor blade cartridges from the SD Blades Defendants, believing the razor blade cartridges sold by

the SD Blades Defendants to be substantially the same as the designs embodied by and protected under the '751 Patent.

63. The SD Blades Defendants' deliberate and willful actions in infringing the design of Gillette's '751 Patent, have caused and will continue to cause irreparable harm to Gillette unless preliminarily and permanently enjoined pursuant to 35 U.S.C. §283.

64. The SD Blades Defendants have also profited from and Gillette has suffered pecuniary damage in amounts to be determined at trial as a result of the SD Blades Defendants' willful infringement of Gillette's '751 Patent, pursuant to 35 U.S.C. §§284 and 289.

## COUNT FIVE - DIRECT INFRINGEMENT OF THE '023 PATENT

65. Gillette restates and realleges paragraphs 1-64.

66. Gillette is the owner of the '023 Patent, which is valid and enforceable.

67. Upon information and belief, the SD Blades Defendants have infringed, and continue to infringe, the '023 Patent by making, designing, selling, and/or offering for sale razor blade containers that apply the design of the '023 Patent or colorable imitation thereof, in violation of 35 U.S.C. §271(a).

68. An ordinary observer, given such attention as a purchaser usually gives, would be so deceived by the substantial similarity between the design of the razor blade containers made, designed, sold, and/or offered for sale by the SD Blades Defendants and the patented design in the '023 Patent so as to be induced to purchase the razor blade containers from the SD Blades Defendants, believing the razor blade containers sold by the SD Blades Defendants to be substantially the same as the designs embodied by and protected under the '023 Patent.

69. The SD Blades Defendants' deliberate and willful actions in infringing the design of Gillette's '023 Patent, have caused and will continue to cause irreparable harm to Gillette unless preliminarily and permanently enjoined pursuant to 35 U.S.C. §283.

70. The SD Blades Defendants have also profited from and Gillette has suffered pecuniary damage in amounts to be determined at trial as a result of the SD Blades Defendants' willful infringement of Gillette's '023 Patent, pursuant to 35 U.S.C. §§284 and 289.

## COUNT SIX - DIRECT INFRINGEMENT OF THE '874 PATENT

71. Gillette restates and realleges paragraphs 1-71.

72. Gillette is the owner of the '874 Patent, which is valid and enforceable.

73. Upon information and belief, the SD Blades Defendants have infringed, and continue to infringe, the '874 Patent by making, designing, selling, and/or offering for sale razor blade containers that apply the design of the '874 Patent or colorable imitation thereof, in violation of 35 U.S.C. §271(a).

74. An ordinary observer, given such attention as a purchaser usually gives, would be so deceived by the substantial similarity between the design of the razor blade containers made, designed, sold, and/or offered for sale by the SD Blades Defendants and the patented design in the '874 Patent so as to be induced to purchase the razor blade containers from the SD Blades Defendants, believing the razor blade containers sold by the SD Blades Defendants to be substantially the same as the designs embodied by and protected under the '874 Patent.

75. The SD Blades Defendants' deliberate and willful actions in infringing the design of Gillette's '874 Patent, have caused and will continue to cause irreparable harm to Gillette unless preliminarily and permanently enjoined pursuant to 35 U.S.C. §283.

76. The SD Blades Defendants have also profited from and Gillette has suffered pecuniary damage in amounts to be determined at trial as a result of the SD Blades Defendants' willful infringement of Gillette's '874 Patent, pursuant to 35 U.S.C. §§284 and 289.

### COUNT SEVEN – INDUCEMENT TO INFRINGE THE '684 PATENT

77. Gillette restates and realleges paragraphs 1-76.

78. Upon information and belief, the SD Blades Defendants have, and will continue to, actively induce infringement of the '518 Patent by aiding and abetting other entities that offer for sale and sell products "by SD Blades" that infringe on the '684 Patent on Amazon.com, including, but not limited to, "tradingrosesl," "2brothers," and "PacAndCaryInc." *See* *http://www.amazon.com/gp/offer-listing/B00H2L4KNI/ref=dp_olp_new?ie=UTF8&condition=new*.

79. The SD Blades Defendants' deliberate and willful actions in inducing infringement of the '684 Patent have caused and will continue to cause irreparable harm to Gillette unless preliminary and permanently enjoined pursuant to 35 U.S.C. §283.

80. The SD Blades Defendants have also profited from and Gillette has suffered pecuniary damages in amounts to be determined at trial as a result of the SD Blades Defendants' willful inducement of infringement of the '684 Patent, pursuant to 35 USC §284.

### COUNT EIGHT – INDUCEMENT TO INFRINGE THE '518 PATENT

81. Gillette restates and realleges paragraphs 1-80.

82. Upon information and belief, the SD Blades Defendants have, and will continue to, actively induce infringement of the '518 Patent by aiding and abetting other entities that offer for sale and sell products "by SD Blades" that infringe on the '518 Patent on

Amazon.com. *See* *http://www.amazon.com/gp/offer-listing/B00H2L4KNI/ref=dp_olp_new?ie=UTF8&condition=new*.

83. The SD Blades Defendants' deliberate and willful actions in inducing infringement of the '518 Patent have caused and will continue to cause irreparable harm to Gillette unless preliminary and permanently enjoined pursuant to 35 U.S.C. §283.

84. The SD Blades Defendants have also profited from and Gillette has suffered pecuniary damages in amounts to be determined at trial as a result of the SD Blades Defendants' willful inducement of infringement of the '518 Patent, pursuant to 35 USC §284.

**COUNT NINE – INDUCEMENT TO INFRINGE THE '904 PATENT**

85. Gillette restates and realleges paragraphs 1-84.

86. Upon information and belief, the SD Blades Defendants have, and will continue to, actively induce infringement of the '904 Patent by aiding and abetting other entities that offer for sale and sell products "by SD Blades" that infringe on the '904 Patent on Amazon.com. *See* *http://www.amazon.com/gp/offer-listing/B00EHMUMX2/ref=dp_olp_new?ie=UTF8&condition=new*.

87. The SD Blades Defendants' deliberate and willful actions in inducing infringement of the '904 Patent have caused and will continue to cause irreparable harm to Gillette unless preliminary and permanently enjoined pursuant to 35 U.S.C. §283.

88. The SD Blades Defendants have also profited from and Gillette has suffered pecuniary damages in amounts to be determined at trial as a result of the SD Blades Defendants' willful inducement of infringement of the '904 Patent, pursuant to 35 USC §284.

**COUNT TEN – INDUCEMENT TO INFRINGE THE '751 PATENT**

89. Gillette restates and realleges paragraphs 1-88.

16

90. Upon information and belief, the SD Blades Defendants have, and will continue to, actively induce infringement of the '751 Patent by aiding and abetting other entities that offer for sale and sell products "by SD Blades" that infringe on the '751 Patent on Amazon.com.  *See*  *http://www.amazon.com/gp/offer-listing/B00ELP61IA/ref=dp_olp_new?ie=UTF8&condition=new.*

91. The SD Blades Defendants' deliberate and willful actions in inducing infringement of the '751 Patent have caused and will continue to cause irreparable harm to Gillette unless preliminary and permanently enjoined pursuant to 35 U.S.C. §283.

92. The SD Blades Defendants have also profited from and Gillette has suffered pecuniary damages in amounts to be determined at trial as a result of the SD Blades Defendants' willful inducement of infringement of the '751 Patent, pursuant to 35 USC §284.

### COUNT ELEVEN – INDUCEMENT TO INFRINGE THE '023 PATENT

93. Gillette restates and realleges paragraphs 1-92.

94. Upon information and belief, the SD Blades Defendants have, and will continue to, actively induce infringement of the '023 Patent by aiding and abetting other entities that offer for sale and sell products "by SD Blades" that infringe on the '023 Patent on Amazon.com.  *See*  http://www.amazon.com/Generic-Replacement-Blades-Gillette-Venus/dp/B00HQNEB36/ref=sr_1_1?s=hpc&ie=UTF8&qid=1392410642&sr=1-1&keywords=venus+sd+blades.

95. The SD Blades Defendants' deliberate and willful actions in inducing infringement of the '023 Patent have caused and will continue to cause irreparable harm to Gillette unless preliminary and permanently enjoined pursuant to 35 U.S.C. §283.

96. The SD Blades Defendants have also profited from and Gillette has suffered pecuniary damages in amounts to be determined at trial as a result of the SD Blades Defendants' willful inducement of infringement of the '023 Patent, pursuant to 35 USC §284.

**COUNT TWELVE - INDUCEMENT TO INFRINGE THE '874 PATENT**

97. Gillette restates and realleges paragraphs 1-96.

98. Upon information and belief, the SD Blades Defendants have, and will continue to, actively induce infringement of the '874 Patent by aiding and abetting other entities that offer for sale and sell products "by SD Blades" that infringe on the '874 Patent on Amazon.com.   *See*   http://www.amazon.com/Generic-Replacement-Blades-Gillette-Venus/dp/B00HQNEB36/ref=sr_1_1?s=hpc&ie=UTF8&qid=1392410642&sr=1-1&keywords=venus+sd+blades.

99. The SD Blades Defendants' deliberate and willful actions in inducing infringement of the '874 Patent have caused and will continue to cause irreparable harm to Gillette unless preliminary and permanently enjoined pursuant to 35 U.S.C. §283.

100.      The SD Blades Defendants have also profited from and Gillette has suffered pecuniary damages in amounts to be determined at trial as a result of the SD Blades Defendants' willful inducement of infringement of the '874 Patent, pursuant to 35 USC §284.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Gillette respectfully requests that the Court enter judgment:

A.  In favor of Gillette and against the Defendants on all claims;

B.  Preliminarily and permanently enjoin and restrain Defendants and their respective officers, agents, employees, parents, subsidiaries, representatives, and all persons in active concert or participation with them against continued infringement of the '684 Patent, '518 Patent, '904 Patent, '751 Patent, '023 Patent and '874 Patent (35 U.S.C. § 283);

C.  Order an accounting for Gillette's damages and/or for Defendants' profits derived from and/or related to Defendants' infringement of the '684 Patent, '518 Patent, '904 Patent, '751 Patent, '023 Patent and '874 Patent (35 U.S.C. §§284 and 289);

D.  Order an assessment of interest and costs against Defendants (35 U.S.C. § 283);

E.  Find this to be an exceptional case and to award reasonable attorneys' fees to Gillette (35 U.S.C. §285); and

F.  Award Gillette such other relief as the Court may deem just and proper.

## <u>JURY DEMAND</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Gillette demands a trial by jury for all claims so triable.

Respectfully submitted,

*/s/ Tammy L. Imhoff*_____
Karen K. Gaunt (#0068418)
Tammy L. Imhoff (#0076720)
**DINSMORE & SHOHL, LLP**
255 E. Fifth Street, Suite 1900
Cincinnati, OH 45202
Phone: (513) 977-8200
Fax: (513) 977-8141
Email: karen.gaunt@dinsmore.com
          tammy.imhoff@dinsmore.com

2643269

*Counsel for Plaintiff The Gillette Company*